

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2006

# Yadav v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1008

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Yadav v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1155.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1155

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1008

AJAY YADAV,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of an Order of the Board of Immigration Appeals
No. A97-441-230
Immigration Judge:  Hon. Mirlande Tidal

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2006

BEFORE:  FUENTES, STAPLETON and ALARCON,*
Circuit Judges

(Opinion Filed May 5, 2006)

_____

* Hon. Arthur L. Alarcon, Senior United States Circuit Judge for the Ninth Circuit, sitting
by designation.

## OPINION OF THE COURT

STAPLETON, Circuit Judge:

Petitioner Ajay Yadav ("Yadav") petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ"'s) decision denying his application for asylum and withholding of removal, and protection pursuant to the Convention Against Torture ("CAT").[1]

Yadav is a native and citizen of Nepal. He is a member of a prominent and wealthy family in his home village of Mahaniya. He testified that in January 2004, Maoist rebels arrived at his home and demanded 200,000 rupees. Yadav refused and the rebels threatened him with death. Two days after this incident, the Maoist rebels returned to his home to look for Yadav, but Yadav was not there. The rebels again threatened to kill Yadav and left. Yadav fled the town and ultimately arrived in the United States.

The IJ denied Yadav's application for asylum, withholding of removal, and CAT

---

[1] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998, Pub.L. No. 105-277, § 2242, 112 Stat. 2681-761 (codified at 8 U.S.C. § 1231). Yadav has not addressed his entitlement to relief under the CAT in his briefing. Accordingly, that claim is waived.

protection. The IJ found that Yadav had not met his burden of proof to show that he had been persecuted on account of one of the five grounds enumerated in 8 U.S.C. § 1101(a)(42)(A). Rather, the IJ found that the Maoist rebels had targeted Yadav for extortion because of Yadav's wealth.

The BIA affirmed the IJ's decision without opinion and Yadav filed a petition for review in this Court.

When the BIA issues an affirmance without opinion, as it did here, we review the IJ's opinion as the decision of the agency. *Smriko v. Ashcroft*, 387 F.3d 279, 282 (3d Cir. 2004). We review its legal determinations *de novo*, subject to established principles of deference. *Id.* We review the agency's findings of fact for substantial evidence and ask whether a reasonable fact finder could make the finding on the basis of the administrative record. *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003). We may only overturn factual findings if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"[T]o be eligible for asylum in the United States as a refugee, an alien must demonstrate 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Abdille v. Ashcroft*, 242 F.3d 477, 492 (3d Cir. 2001) (quoting 8 U.S.C. § 1101(a)(42)(A)). "The well-founded fear standard has a subjective and an objective component. The alien must show that 'he has a subjective fear of persecution that is

3

supported by objective evidence that persecution is a reasonable possibility.'"
*Balasubramanrim v. I.N.S.*, 143 F.3d 157, 165 (3d Cir. 1998) (citation omitted).
Similarly, to be eligible for "withholding of removal" an alien must demonstrate that it is
"more likely than not" that he will be persecuted upon returning to his home country.
*I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 423 (1987). The "more likely than not"
standard for withholding of removal is more stringent than the "well-founded fear"
standard required for asylum. *Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir. 1991).

Yadav argues that, contrary to the IJ's finding, he was targeted for extortion and
threats by Maoist rebels on account of imputed political opinion and/or imputed social
group. In particular, Yadav argues that the Maoist rebels targeted him because they
imputed to Yadav, based on Yadav's wealth and standing in the community, an anti-
Maoist capitalist political opinion, as well as membership in a social group consisting of
"wealthy landowner[s] with social influence in the community." Petr.'s Br. 13.

The IJ's determination that the rebels targeted Yadav merely because of his wealth
is supported by substantial evidence. Indeed, very little in the record suggests otherwise.
While it is perhaps plausible that the rebels believed Yadav to hold anti-Maoist capitalist
views in light of Yadav's wealth, it was eminently reasonable for the IJ to conclude,
based on Yadav's testimony, that the rebels demanded money from Yadav merely
because they believed him to have money. Moreover, the "particular social group" Yadav
identifies, wealthy landowners with social influence, is not a "social group" under our

4

prior caselaw.  *See Lukwago v. Ashcroft*, 329 F.3d 157, 171 (3d Cir. 2003) (accepting's BIA's construction of "particular social group" to refer to "a group of persons all of whom share a common, immutable characteristic").

Accordingly, substantial evidence supports the IJ's conclusion that Yadav was not subject to past persecution on account of a protected ground and did not have a well-founded fear of future persecution.  It follows that Yadav is ineligible for asylum and withholding of removal.

The petition for review will be denied.