**Dhan Prakash LAMA, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 06–5481–ag.

United States Court of Appeals, Second Circuit.

Jan. 11, 2008.

Khagendra Gharti–Chhetry, Chhetry & Associates, P.C., New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Michael P. Lindemann, Assistant Director, Lyle D. Jentzer, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. THOMAS J. MESKILL,[2] Hon. ROSEMARY S. POOLER, and Hon. ROBERT D. SACK, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

2. The Honorable Thomas J. Meskill, who was originally assigned to the panel, died prior to submitting his vote. The remaining two members of the panel, who are in agreement, decide this case in accordance with Second Circuit Local Rule 0.14(b).

## SUMMARY ORDER

Petitioner Dhan Prakash Lama, a native and citizen of Nepal, seeks review of a November 2, 2006 order of the BIA affirming the October 7, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dhan Prakash Lama*, No. A97 752 946 (B.I.A. Nov. 2, 2006), *aff'g* No. A97 752 946 (Immig. Ct. N.Y. City Oct. 7, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, *i.e.,* "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, although the BIA did not explicitly reject the IJ's adverse credibility determination, it did not rely on that portion of the IJ's decision in dismissing Lama's appeal. Thus, we confine our review to those grounds for denying relief specifically referenced in the BIA's opinion and do not consider the IJ's adverse credibility determination. *Xue Hong Yang*, 426 F.3d at 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). However, this Court reviews *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ In this case, Lama failed to establish a nexus between the harm he feared he would suffer in Nepal and one of the statutorily protected grounds. There is no evidence that the Maoists targeted him for extortion on account of his political opinion or, indeed, for any reason other than financial gain. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). None of the Maoists' written demands for money alluded to Lama's membership in the Nepali People's Congress or his employment with the Prime Minister's office. Although Lama testified that Maoists plundered his family's property, there is again no evidence that the Maoists did so on account of his political opinion. Nor has Lama established or even suggested that his was the only family in his village singled out for such treatment. *See id.* In fact, both Lama's testimony and the documentary evidence suggest that Maoists eventually took control of the village in its entirety as part of their campaign of insurgency against the Nepalese government, not to punish Lama or other village residents on account of their political beliefs. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 n. 3 (2d Cir.1999) (finding that general civil strife or violence is not a basis for a finding of past persecution). The background materials Lama submitted indicate that the Maoists have engaged in widespread violence, extortion, and forced conscription throughout Nepal with little to no regard to the political opinions of their victims. Accordingly, the agency properly denied Lama's asylum and withholding of removal claims.

■ The agency also properly denied Lama's CAT claim. The Maoists threatened to kidnap and kill Lama's family, as well as Lama himself, if he failed to pay them four million rupees. However, at the time of Lama's hearing in October 2004,

two years had elapsed since these threats were made, and Lama's family remained unharmed in Nepal, having experienced no problems with the Maoists in his absence. Consequently, we find no error in the agency's finding that Lama failed to establish that he will more likely than not be tortured or killed if he returns to Nepal.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).