# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-60374
Summary Calendar

RAJU THAPA; POONAM THAPA; PAURAKH BIKRAM THAPA,

Petitioners

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 88 413 598
BIA No. A 88 413 599
BIA No. A 88 058 204

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

The Thapa family petitions us for review of the Board of Immigration Appeals's ("BIA") final order dismissing their appeal of the immigration judge's ("IJ") order of removal and denial of asylum. For the following reasons, we DENY the petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1.  All of Petitioners' arguments are styled on behalf of lead Petitioner Raju Thapa ("Petitioner"). *See* 8 U.S.C. § 1158(b)(3). The IJ determined that Petitioner's application for asylum was untimely and that Petitioner failed to meet the procedural requirements for demonstrating "extraordinary circumstances" based on ineffective assistance of counsel. *See* 8 U.S.C. § 1158(a)(2)(B), (D); 8 C.F.R. § 1208.4(a)(5)(iii)(A). The BIA affirmed the IJ's determination. Petitioner has provided no explanation why he failed to comply with the procedural requirements for his out-of-time application. We agree with the BIA's determination on this issue. Inasmuch as the IJ's decision to reject Petitioner's out-of-time application is based on the particular facts and circumstances of Petitioners' case, we have no jurisdiction to review such findings. *See* 8 U.S.C. § 1158(a)(3); *Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007).

2.  Even if we were to excuse the filing requirements of 8 C.F.R. § 1208.4(a)(5)(iii)(A), Petitioner has otherwise failed to demonstrate that he is eligible for asylum as a "refugee" pursuant to 8 U.S.C. § 1101(a)(42)(A). Specifically, Petitioner has failed to demonstrate past persecution or a well-founded fear that he will be subject to future persecution based on his membership in a particular social group if he returns to Nepal. *See* § 1101(a)(42)(A)*; Eduard v. Ashcroft*, 379 F.3d 182, 188-89 (5th Cir. 2004). We are not persuaded that economic extortion is a form of persecution under immigration law; nor do Nepalese businessmen appear to be a particular social group meriting asylum protection. S*ee, e.g., Davila-Mejia v. Mukasey*, 531 F.3d 624, 629 (8th Cir. 2008) (holding that "under BIA precedent, the term 'family business owner' is too amorphous to adequately describe a social group"); *Himani v. Gonzales*, 246 F. App'x 879, 882 (5th Cir. 2007) (unpub.) (kidnapping for extortion of a successful businessman did not support claim of

persecution); *Lopez v. Gonzales*, 192 F. App'x 19, 22 (1st Cir. 2006) (unpub.) (affirming IJ decision which held that economic extortion "'is not . . . what Congress contemplated when enacting the refugee statutes and creating asylum for people here in the United States'"); *Garcia v. U.S. Attorney Gen.*, 143 F. App'x 217, 222 (11th Cir. 2005) (unpub.) ("Groups of people who are connected only on the basis of their economic status do not form a social group for asylum purposes.") (internal quotes and cites omitted). Finally, there is substantial evidence supporting the BIA's determination that the Maoist rebels that purportedly extorted Petitioner were motivated by an economic interest and not a desire to persecute Petitioner. *Cf. Dhakal v. Holder*, 320 F. App'x 561, 2009 WL 766516, at *1 (9th Cir. Mar. 24, 2009) (unpub.); *Lama v. Mukasey*, 261 F. App'x 305, 306 (2d Cir. 2008) (unpub.); *Yadav v. Attorney Gen. of U.S.*, 179 F. App'x 133, 135 (3d Cir. 2006) (unpub.). Petitioner is therefore ineligible for asylum.

3. Petitioner argues that he is entitled to withholding of removal. However, "failure to establish eligibility for asylum is dispositive of claims for withholding of removal." *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

4. Finally, Petitioner argues that he is entitled to protection under the Convention against Torture. However, we agree with the BIA that Petitioner failed to establish that it is more likely than not that he would be tortured if removed. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Majd*, 446 F.3d at 595-96.

PETITION DENIED.